■ In the Matter of LINDA ANGELLO, as Commissioner of Labor, Petitioner, v LABOR READY, INC., et al., Respondents. [802 NYS2d 766]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Industrial Board of Appeals revoking an amended order to comply issued by petitioner.

Following an investigation, petitioner determined that respondent Labor Ready, Inc. and its operating subsidiary, respondent Labor Ready Northeast, Inc. (hereinafter collectively referred to as Labor Ready), unlawfully deducted a fee from cash wages paid to its temporary day laborer employees in violation of Labor Law § 193. Petitioner issued an amended order to comply and Labor Ready sought review. Following a hearing, respondent Industrial Board of Appeals (hereinafter IBA) revoked petitioner's order, finding that the employees were given the option of accepting their daily wages by either paycheck or cash. If cash was chosen, Labor Ready's method of paying cash was to issue a voucher to the employee. Labor Ready's voucher could only be exchanged for cash by using a cash-dispensing machine (hereinafter CDM) located at Labor Ready's office and owned by another operating subsidiary of Labor Ready. The amount paid in cash by the CDM was the employee's wages minus a processing fee equal to one dollar plus the number of cents included in the employee's wages, up to a maximum of $1.99. The IBA found that Labor Ready's method of cashing the voucher was a separate, voluntary transaction and the fee paid by the employee to

cash the voucher was not a required payment proscribed by Labor Law § 193 because the employees had voluntarily opted to receive cash and pay the fee instead of receiving a check in the full amount of their wages. Petitioner then commenced this CPLR article 78 proceeding to annul the IBA's determination, which Supreme Court transferred to this Court.

In relevant part, Labor Law § 193 states that "[n]o employer shall make any deduction from the wages of an employee" (§ 193 [1]) and "[n]o employer shall make any charge against wages, or require an employee to make any payment by separate transaction" (§ 193 [2]). The intent of the Legislature was to forbid direct deductions from employee wages as well as deductions by separate, involuntary transaction, other than the limited types of deductions expressly permitted by section 193 and not at issue here (see Matter of Hudacs v Frito-Lay, Inc., 90 NY2d 342, 347-348 [1997]). We also note that "separate" means disconnected or existing independently (see Random House Dictionary of the English Language 825 [unabridged 2d ed 2001]; Black's Law Dictionary 1395 [8th ed 2004]).

Contrary to the IBA's reasoning, cash wages are not paid by Labor Ready upon the employee's receipt of the voucher, as the voucher is neither cash nor a negotiable instrument such as a paycheck. Rather, a Labor Ready employee choosing the cash wages option is paid when the CDM is accessed and cash is received, minus the processing fee. The receipt of the voucher and subsequent receipt of cash cannot rationally be viewed as two separate transactions, as an employee choosing to be paid in cash cannot be said to be paid until he or she actually receives the cash. Because the fee is deducted at the time the employee receives his or her cash wages, the deduction and the payment of wages are inseparably connected and interrelated. This direct deduction of a fee for the service of providing cash wages is a violation of Labor Law § 193, even though the deduction is in exchange for a payment option that the employee is not required to take.

Inasmuch as this is a matter of statutory interpretation and we can discern no basis to rely on any special competence or expertise of the IBA when its interpretation directly contravenes the plain language of the statute (see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539, 545 [1984]), we conclude that the IBA misinterpreted Labor Law § 193 in finding that Labor Ready's method of cash payment of wages involved a separate, voluntary transaction.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and petitioner's amended order to comply is reinstated.